UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NATIONAL RETIREMENT FUND,

                Plaintiffs,

-against-

LOCHMOOR CLUB,

                Defendant.

**COMPLAINT**

Plaintiffs, by their attorney Jennifer Oh, Esq., complaining of the Defendant Lochmoor Club (the "Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1. This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon the Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

## VENUE

3. Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff National Retirement Fund ("Retirement Fund") is established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Retirement Fund. As such, the Retirement Fund is a "multiemployer plan," within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

5. The Retirement Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Board of Trustees is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6. Plaintiff Trustees of the Retirement Fund exercise discretionary authority, control and responsibility with respect to management and administration of the Retirement Fund and Plan and disposition of Retirement Fund assets. As such, Plaintiff Trustees of the Retirement Fund are fiduciaries with respect to the Plan, within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Retirement Fund maintains its principal administrative offices at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

7. Upon information and belief, at all relevant times herein, Defendant Lochmoor Club is a Michigan corporation having or having had its principal place of business at 1018 Sunningdale Drive, Grosse Pointe Woods, Michigan 48236.

8.  UNITE HERE, Local 24, AFL-CIO (the "Union") is an unincorporated "employee organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, Defendant was at all times material hereto a party to a Collective Bargaining Agreement with the Union ("CBA"), which obligated Defendant to make contributions and remit Pension Contribution Reconciliation Reports to the Retirement Fund. Upon information and belief, employee benefit fund contributions and a Pension Contribution Reconciliation Report were and are due to be paid by Defendant to the Retirement Fund.

## AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

9.  Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "8" of this Complaint with the same force and effect as if set forth at length herein.

10. Contribution shortages for the month of October 2016 in the amount of $603.00 have not been remitted to the Retirement Fund and are now due and owing. By reason therefore, Defendant is liable to Plaintiff Retirement Fund for contribution shortages in the principal amount of $603.00 for October 2016.

11. Plaintiff Retirement Fund is entitled to collect interest on the outstanding delinquent contribution shortages from Defendant, calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and the Retirement Fund's rules and regulations.

12. Plaintiff Retirement Fund is entitled to collect liquidated damages, attorneys' fees, and costs from Defendant, calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and the Retirement Fund's rules and regulations.

## AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF
## TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

13. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "12" of this Complaint with the same force and effect as if set forth at length herein.

14. Contributions for the month of November 2016 in the amount of $6,130.50 have not been remitted to the Retirement Fund and are now due and owing. By reason therefore, Defendant is liable to Plaintiff Retirement Fund for contributions in the principal amount of $6,130.50 for November 2016.

15. Plaintiff Retirement Fund is entitled to collect interest on the outstanding delinquent contributions from Defendant, calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and the Retirement Fund's rules and regulations.

16. Plaintiff Retirement Fund is entitled to collect liquidated damages, attorneys' fees, and costs from Defendant, calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and the Retirement Fund's rules and regulations.

## AS AND FOR A THIRD CLAIM FOR RELIEF BY PLAINTIFF
## TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

17. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "16" of this Complaint with the same force and effect as if set forth at length herein.

18. Upon information and belief, the Retirement Fund's Agreement and Declaration of Trust ("Trust Agreement") and the CBA between the Union and the Defendant require Defendant to remit monthly Pension Contribution Reconciliation Reports ("Contribution Reports") to Plaintiff Retirement Fund, which include the employees' names, hire classifications,

social security numbers, and wages paid, as the Retirement Fund may require such reports for its sound and efficient operation.

19. Contribution Reports required by the CBA for the month of November 2016 have not been remitted by Defendant and are now due and owing by Defendant to Plaintiff Retirement Fund. By reason thereof, Plaintiffs are entitled to an Order and Judgment requiring Defendant to remit the required Contribution Report to Plaintiff Retirement Fund for the period stated.

## AS AND FOR A FOURTH CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

20. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "19" of this Complaint with the same force and effect as if set forth at length herein.

21. Defendant is now failing and, upon information and belief, will continue to fail to make contributions and to remit Contribution Reports to the Retirement Fund in accordance with the terms and conditions of the Retirement Fund's Trust Agreement and the CBA between Defendant and the Union unless restrained by the Court.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a. Directing Defendant to pay to the Retirement Fund contribution shortages for the month of October 2016 in the principal amount of $603.00; and

b. Directing Defendant to pay to the Retirement Fund interest on the sum set forth in paragraph "(a)" herein, to be computed at an interest rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), and the Retirement Fund's rules and regulations; and

c. Directing Defendant to pay to the Retirement Fund liquidated damages on the sum set forth in paragraph "(a)" herein, to be computed at a rate as prescribed by the Retirement

Fund, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), and the Retirement Fund's rules and regulations; and

d. Directing Defendant to pay to the Retirement Fund delinquent contributions for the month of November 2016 in the principal amount of $6,130.50; and

e. Directing Defendant to pay to the Retirement Fund interest on the sum set forth in paragraph "(d)" herein, to be computed at an interest rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), and the Retirement Fund's rules and regulations; and

f. Directing Defendant to pay to the Retirement Fund liquidated damages on the sum set forth in paragraph "(d)" herein, to be computed at a rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), and the Retirement Fund's rules and regulations; and

g. Directing Defendant to remit the Contribution Report to the Retirement Fund as required by the CBA for the month of November 2016; and

h. Directing that Defendant be restrained and enjoined permanently from becoming or remaining delinquent in remitting its contributions and Contribution Reports to the Retirement Fund, and ordering the Defendant to remit such contributions and Contribution Reports in accordance with the terms and conditions of the Retirement Fund's Trust Agreement, its rules and regulations and the CBA between the Defendant and the Union; and

i. Directing Defendant to pay to the Retirement Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

j.      Granting such other legal and equitable relief as the Court deems appropriate.

Dated: January 11, 2017
       White Plains, New York

                              TRUSTEES OF THE NATIONAL RETIREMENT FUND, Plaintiffs

                              By: *[signature]*
                              Jennifer Oh (JO1201)

                              *Attorney for Plaintiffs*

                              Alicare, Inc. – Fund Administrator
                              333 Westchester Avenue
                              North Building – First Floor
                              White Plains, New York 10604
                              Telephone: (914) 367-5243
                              Facsimile: (914) 367-2243
                              E-mail: joh@amalgamatedlife.com